**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

LOURDES LIMA, an individual, )
)
    Plaintiff, )
)
v. )
)
P.N. FINANCIAL, INC., )
a foreign corporation, )
)
    Defendant. )
)

## COMPLAINT – JURY DEMANDED

### INTRODUCTION

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, *15 U.S.C. §1692 et. seq.* ("FDCPA"). Simply put, Defendant, while operating as an unlicensed debt collector in the State of Florida, sent Plaintiff a dunning letter on an unenforceable time-barred debt, which contained an offer of settlement, but did not inform the Plaintiff that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §§1331, 1337*, and *15 U.S.C. §1692k*. Venue in this District is proper because Defendant conducts business in this District; a substantial part of the events or omissions giving rise to the claim occurred here.

1

## PARTIES

3. Plaintiff, Lourdes Lima ("Plaintiff"), is a natural person who, at all times relevant to this action was a citizen of the State of Florida, residing in Broward County.

4. Defendant, P.N. Financial, Inc. ("PNF") is an Illinois corporation who is believed to operate out of an office located at 7330 N. Cicero, Lincolnwood, IL 60712, and whose Registered Agent for service of process in the State of Illinois is Nelson Macwen, 7330 N. Cicero, Lincolnwood, IL 60712.

5. Defendant PNF regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. PNF is a "debt collector" as defined in the FDCPA.

6. At all times material to the allegations of this Complaint, Defendant PNF was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. On or about February 26, 2015, Defendant sent Plaintiff a "Final Notice" debt collection letter in the mail. Plaintiff received the letter at her residence in Broward County, Florida a reasonable time thereafter.

8. A true and accurate copy of Defendant's "Final Notice" debt collection letter ("the Letter") is attached to this complaint as Exhibit A.

9. The Letter sought to collect $2382.83 from Plaintiff, said debt allegedly arising from one or more personal, family, or household purchases made by Plaintiff on a personal MBNA MasterCard® credit card approximately 10-15 years prior to the filing of this complaint.

10. Plaintiff is a consumer as defined in the FDCPA.

11. As of the date of the Letter, the applicable statute of limitations had expired on the alleged MBNA MasterCard® debt, therefore barring the filing of a lawsuit to collect the alleged debt.

12. Notwithstanding the fact that the statute of limitations had expired on the alleged MBNA MasterCard® debt, Defendant's Letter contained a thinly veiled threat that Defendant would sue Plaintiff if the alleged debt was not paid by March 13, 2015, i.e., *"… be advised that as of March 13, 2015, if you have not accepted our terms and conditions, we will have exhausted all **voluntary methods** of resolution."*

13. In a further attempt to coerce payment, and as an alternative to paying the entire $2,382.83 alleged balance, Defendant's Letter offered Plaintiff an "Approved 40% Settlement" in the amount of $953.13, also due in Defendant's office by March 13, 2015.

14. The Letter mentioned nothing of the fact that the alleged debt was barred by the statute of limitations, that the Defendant would not sue the Plaintiff in an attempt to collect the alleged debt, or that by making a partial payment, the Plaintiff would renew the running of the statute of limitations, allowing Defendant to sue for the entire balance.

15. Under the Florida Consumer Collection Practices Act (Fla. Stat. § 559.55-559.785). A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration. Fla. Stat. § 559.553.

3

16. The Defendant is not, and was at no time relevant to this action, registered as a consumer collection agency in the State of Florida. Moreover, at no time relevant to this action was Defendant exempt from registration as a consumer collection agency in the State of Florida.

17. Courts in the 11th Circuit use the "least sophisticated consumer" standard in order to determine whether a debt collection letter false, deceptive or misleading. *Jeter v. Credit Bureau, Inc.*, 754 F.2d 907 (11th Cir. 1985).

## COUNT I - VIOLATION OF 15 U.S.C. § 1692e and 1692e(5)

18. Plaintiff re-alleges the paragraphs 1 through 16 as if fully set forth herein.

19. 15 U.S.C. § 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be taken." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185 (11th Cir. 2010).

20. Defendant, by stating in its debt collection letter that it had exhausted all voluntary methods of resolution, Defendant intended to convey, and the least sophisticated consumer would conclude, that Defendant's subsequent collection efforts would include involuntary means, i.e, the filing of a lawsuit.

21. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014).

22. Defendant's thinly veiled threat to sue Plaintiff unless she paid the alleged debt by March 13, 2015, Defendant threaten to take and action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e, generally.

WHEREFORE, Plaintiff LOURDES LIMA requests that this Court enter judgment in her favor, and against Defendant P.N. FINANCIAL, INC. for:

    a. Statutory damages pursuant to 15 U.S.C. §1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II - VIOLATION OF 15 U.S.C. § 1692e and e(5)

23. Plaintiff re-alleges the paragraphs 1 through 16 as if fully set forth herein.

24. 15 U.S.C. § 1692e(5) prohibits a debt collector from "threatening to take action that cannot legally be taken or that is not intended to be taken." *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185 (11th Cir. 2010).

25. Under the FCCPA, "no person shall engage in business in this state as a consumer collection agency . . . without first registering in accordance with this part [Sections 559.553 and 559.555] . . . and thereafter maintaining a valid registration." Fla. Stat. § 559.553(1) and (2).

26. On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("We therefore hold that a violation of the

FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

27. Defendant, by engaging in collection activity in the State of Florida without first registering as a consumer collection agency, thereby falsely representing to Plaintiff that it was legally permitted to collect debt in the State of Florida, has violated 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e, generally.

WHEREFORE, Plaintiff LOURDES LIMA requests that this Court enter judgment in her favor, and against Defendant P.N. FINANCIAL, INC. for:

    a. Statutory damages pursuant to 15 U.S.C. §1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT III – VIOLATION OF 15 U.S.C. § 1692e and e(10)**

28. 15 U.S.C. § 1692e prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, Section 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. An unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term "settle" or "settlement." … Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the

6

debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

30. A debt collector violates the FDCPA if it uses language that would mislead an unsophisticated consumer into believing that a debt is legally enforceable, regardless of whether the letter actually threatens litigation. Where dunning letters contain offers of settlement, as here, it exacerbates the potential impact on the consumer because by making a partial payment in response to such a letter, the consumer could unwittingly reset the statute of limitations on the entire debt and thereby revive what had been a legally unenforceable claim. Defendant's deceptive and misleading "settlement" language violates 15 U.S.C. § 1692e(10), and and 15 U.S.C. § 1692e, generally.

WHEREFORE, Plaintiff LOURDES LIMA requests that this Court enter judgment in her favor, and against Defendant P.N. FINANCIAL, INC. for:

    a. Statutory damages pursuant to 15 U.S.C. §1692k;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

### JURY DEMAND

31. Plaintiff demands a trial by jury.

Dated: May 4, 2015.

                        Respectfully submitted,

                        s/ Scott D. Owens

                        Scott D. Owens, Esq.
                        SCOTT D. OWENS, P.A.
                        3800 S. Ocean Dr., Ste. 235
                        Hollywood, FL 33019
                        Tel: (954) 589-0588
                        Fax: (954) 337-0666
                        Florida Bar No. 0597651
                        scott@scottdowens.com

Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: (954) 589-0588
Fax: (954) 337-0666
Florida Bar No. 0597651
scott@scottdowens.com